UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FABRAIN O'BEAR | : | DOCKET NO. 15-cv-2026 |
| VERSUS | : | UNASSIGNED JUDGE |
| SOUTHEASTERN FREIGHT LINES, INC. ET AL. | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion in Limine, seeking to exclude all testimony and evidence relating to future medical expenses, future wage loss, and diminished earning capacity, filed by Jessie Lee Allen, Southeastern Freight Lines, Inc., and Travelers Indemnity Co. ("defendants"). Doc. 34. Fabrain O'Bear ("plaintiff") opposes the motion. Doc. 42.

## I.
### BACKGROUND

This case arises from a motor vehicle accident that occurred on or about February 11, 2014, on Interstate 10 in Lake Charles, Louisiana. Doc. 1, att. 1, p. 2. The plaintiff filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on February 9, 2015, alleging liability on the part of defendants for serious bodily injuries incurred in the accident. *Id.* at 2–5. On July 9, 2015, defendants Southeastern Freight Lines, Inc. and Travelers Indemnity Co. filed a notice of removal to this court. Doc. 1.

At a scheduling conference conducted on January 12, 2017, this court set a trial date of August 21, 2017, with corresponding pretrial deadlines.[1] Doc. 30. The scheduling order required

---
[1] The trial has since been rescheduled for October 2, 2017, though all deadlines set forth in the above-cited scheduling order remain in effect. Doc. 41.

plaintiff to produce any expert reports and information by June 7, 2017. *Id.* Plaintiff produced no reports or other information resulting in the filing of the instant motion.

To date plaintiff has sought no leave of court to be allowed untimely production of expert reports or other information and neither has he filed a pretrial statement identifying experts or other issues as required by the court's scheduling order. Plaintiff opposes defendants' motion claiming that "[a]t the time of the discovery deadline, Plaintiff was of the mindset that he would not have recommended surgery" but then reconsidered. Doc. 42, att.1, p.1. Now, through this opposition, he asks for "the opportunity to properly identify experts" including Dr. Ricardo Rodriguez, his treating physician. According to plaintiff, "[e]xpert testimony . . . is now crucial to [his] case" and "[t]he post-surgery road to recovery is a long one, and it will prevent Plaintiff from working for several months and includes months of rehabilitative therapy." *Id.* at 1-2. Nothing in the opposition identifies what experts would be required, what are their names or qualifications, or to what exactly these experts would testify.

## II.
## LAW & ANALYSIS

Under Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties the identity of any expert witnesses it may use to present evidence at trial.[2] The court has ultimate control over the deadlines for pretrial disclosures, and the deadlines set in its scheduling order may only be modified for good cause and with the judge's consent. FED. R. CIV. P. 26(a)(3); *id.* at 16(b)(4). Where a party fails to provide expert disclosures within the established deadlines, he is barred from using that evidence unless he can show that the non-disclosure was substantially justified or harmless. *Id.* at 37(c)(1). Accordingly, courts should look to the same factors involved

---

[2] *See also* Fed. R. Civ. P. 26(e)(2) (duty to supplement extends to expert's information and must be provided within the pretrial disclosure deadline set out by Rule 26(a)(3)).

in determining whether good cause exists to modify a scheduling order to determine whether the expert testimony should be allowed despite failure to meet the established deadlines. *George v. Fresenius Medical Care North America*, 2016 WL 8261745, *5 (M.D. La. Aug. 1, 2016). Courts in this circuit consider four facts in determining whether good cause exists to modify a scheduling order: (1) the explanation for failure to comply with deadlines; (2) the importance of the action sought; (3) potential prejudice of allowing that action; and (4) the availability of a continuance to cure such prejudice. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Applying these principles to this case we conclude that defendants' motion should be granted except as it pertains to testimony by Dr. Rodriguez. While Dr. Rodriguez was not listed as an expert on or before the deadline set forth in the scheduling order, he was identified as a potential expert in the parties' joint Rule 26(f) report. Doc. 23, p. 3. Dr. Rodriguez has been deposed. Doc. 52. Accordingly we find no prejudice to defendant's ability to defend against plaintiff's claims by inclusion of Dr. Rodriguez as a witness despite plaintiff's failure to comply with the rules.

The allowance of testimony of Dr. Rodriguez, though, extends only to treatment of plaintiff prior to any surgery now envisaged by him. As we note earlier, plaintiff states in his opposition to the motion that the surgery he currently contemplates was a known factor before the deadlines expired yet he failed to divulge that fact to the defendants in the form of a report from his physician or otherwise. As noted by defendants in their reply to his opposition plaintiff had an opportunity to question his physician about these issues at the doctor's deposition – a line of questioning that would have at least put defendants on notice at that late date[3] of the possibility of future surgery and related issues – yet failed to do so. Doc. 52, p. 3. Plaintiff's ephemeral inclination to

---

[3] Dr. Rodriguez's deposition was taken June 19, 2017. Doc. 42, App. 1, p. 3.

participate in a surgery, the possibility of which apparently has been known to him for quite some time, does not establish an adequate explanation for his failure to comply with the rules and orders of the court.

Prejudice to defendants is patent. A continuance has not been requested and, given the age of this litigation and difficulties experienced throughout in securing cooperation of the plaintiff, the success of a motion for one is dubious.[4]

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the defendants' Motion [doc. 34] be **GRANTED** except as noted above with respect to the testimony of Dr. Rodriguez. Plaintiff is precluded from introducing any evidence of future medical expenses, future wage loss, and/or diminished earning capacity except as may be established through the testimony of Dr. Rodriguez as limited above.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved**

---

[4]Review of the docket sheet of this litigation illustrates clearly that forward progress has been stymied by plaintiff's recalcitrance. For seven months following removal plaintiff's original counsel failed to become admitted to this court as ordered resulting in our issuance of a rule to show cause why she should not be held in contempt. Docs. 11, 12. Current counsel enrolled March 2, 2016, (Doc. 17) yet problems continued leading to defendants' filing a Motion to Dismiss (Doc. 20) and two separate scheduling conferences having to be upset as sufficient information had yet to be shared. Docs. 21, 26. Nearly two years elapsed between the filing of the original petition and the parties' obtaining a trial date. Given these factors it is likely, although not certain, that a request for a continuance by the plaintiff would not be successful.

**party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 14th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE